IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JULIE LAWSON | ) |
| | ) |
| v. | ) NO. 3:21-00197 |
| | ) |
| SWBC MORTGAGE CORP., et al. | ) |

**To: Honorable Aleta A. Trauger, District Judge**

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered March 12, 2021 (Docket Entry No. 5), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is Plaintiff's motion to remand (Docket Entry No. 12), which is opposed by Defendants. For the reasons set out below, the undersigned respectfully recommends that the motion to remand be denied.[1]

### I. BACKGROUND

Julie Lawson ("Plaintiff") filed this *pro se* lawsuit in the Circuit Court for Williamson County, Tennessee on February 21, 2021. *See* Complaint (Docket Entry No. 1-1). She subsequently filed an amended complaint in the same court. *See* Amended Complaint (Docket Entry No. 1-2). Plaintiff sues SWBC Mortgage Corp. ("SWBC"), PennyMac Loan Services, LLC ("PennyMac"), and Angelo Marchese ("Marchese") for damages of more than $480,000.00.

---

[1] In accordance with *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001), the motion to remand is construed as a dispositive motion requiring a Report and Recommendation.

*See* Amended Complaint at 54. She sues Defendants on several counts under state law based upon events arising from the handling of insurance proceeds and events that occurred in the aftermath of a 2017 fire that destroyed Plaintiff's residence located in Williamson County. SWBC is alleged to be the lender that originated the mortgage loan for the property. *Id*. at 2-3. PennyMac is alleged to be a loan servicing company and Marchese is alleged to be a vice-president of PennyMac. *Id*. at 3-4.

On March 10, 2021, Defendants PennyMac and Marchese filed a petition for removal of the action to the United States District Court for the Middle District of Tennessee, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and the action was removed to this Court. *See* Petition for Removal (Docket Entry No. 1). Defendants PennyMac and Marchese assert that the Court has original jurisdiction over the case pursuant to diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff seeks in excess of $75,000.00 and has completely diverse citizenship from Defendants. Specifically, Defendants PennyMac and Marchese assert that Plaintiff is a citizen of Tennessee, that Marchese is a citizen of Texas, that SWBC is a corporate citizen of Texas as its place of incorporation and principal place of business, and that PennyMac is a Delaware limited liability company with its principal place of business in California. *See* Petition at 3-4.[2] Within the

---

[2] However, that does not end the inquiry. As discussed in more detail below, if any member of a limited liability company is other than an individual person, the citizenship of each sub-member must also be considered. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). According to a business entity disclosure statement filed by PennyMac, its sole member is Private National Mortgage Acceptance Corporation ("PNMAC"), which is a Delaware limited liability company with its principal place of business in California. PNMAC is owned by PNMAC Holdings, Inc., a Delaware corporation with a principal place of business in California and PennyMAC Financial Services, Inc., a publicly held Delaware corporation with a principal place of business in California. (Docket No. 7.)

petition, Defendants PennyMac and Marchese state that SWBC, by and through its general counsel, has consented to the removal of the action. *Id*. at 2, ¶ 7.

In the order of referral, the Court made an initial, summary finding that removal was proper.³ Nonetheless, on April 6, 2021, Plaintiff filed the pending motion to remand, opposing removal and seeking an order remanding the case back to the state court. Although Plaintiff devotes a large part of her motion to arguing the merits of her claims and addressing service of process upon Defendant SWBC and what she believes is an improper business entity disclosure statement filed by Defendant PennyMac, she contends that the removal of the case is flawed because: 1) the statement in the removal petition that SWBC consents to removal is insufficient; 2) the copies of the complaint and amended complaint that are attached as exhibits to the removal petition have several pages that are blurry and/or illegible; 3) Defendants filed a "petition for removal," not a "notice of removal;" 4) there are procedural and substantive shortcomings in PennyMac's business entity disclosure statement; 5) she was not provided with the civil cover sheet; 6) the notice regarding consent of the parties listed on the docket was filed without her consent; 7) there is a possibility of bias against her because counsel for Defendants PennyMac and Marchese "is an active and longstanding Co-Chair of the Federal Courts Committee;" 8) there is not complete diversity between the parties because Defendants SWBS and PennyMac can be viewed as citizens of Tennessee; and, 9) federal question jurisdiction does not exist because her

---

³ "The notice of removal is timely, and PennyMac and Marchese have complied with the other procedural requirements of the removal statute. *See* 28 U.S.C. § 1446. SWBC has consented to removal. (Doc. No. 1 at ¶ 7.) Finally, this court has diversity jurisdiction over the plaintiff's complaint. *See* 28 U.S.C. § 1332(a). Removal is therefore proper." *See* March 12, 2021 Order at 1.

3

case does not involve federal claims and a federal defense should not be anticipated. *See* Motion for Remand at ¶¶ 43-73.

Responses in opposition to the motion for remand have been filed by Defendants SWBC (Docket Entry No. 23) and Defendants PennyMac and Marchese (Docket Entry No. 24). Defendants contend that diversity jurisdiction clearly exists as there is no dispute about the amount in controversy requirement and there are no facts that would support a reasonable conclusion that any of the Defendants are citizens of Tennessee. Defendants further contend that (1) there is no basis for Plaintiff's argument that Defendant SWBC has not consented to removal of the case and (2) none of Plaintiff's other arguments support overturning the removal of this case and its remand back to state court.

Plaintiff has filed a response (Docket Entry No. 29), which the Court construes as her reply to Defendants' responses in opposition. Plaintiff asserts that the petition for removal fails to sufficiently evidence and/or allege the consent of SWBC to removal and the citizenship of PennyMac and Marchese. *Id*. at 1-3. Plaintiff then reiterates her arguments that PennyMac's business entity disclosure statement is inadequate and that the copies of her state court pleading filed as attachments to the removal petition are incomplete because parts of the copies are illegible. *Id*. at 4-5.

In addition to the pending motion for remand, pending before the Court are motions to dismiss filed by Defendants PennyMac and Marchese (Docket Entry No. 13) and Defendant SWBC (Docket Entry No. 20). The time for Plaintiff to respond to the motions to dismiss and a ruling on the motions to dismiss has been reserved until resolution of the motion for remand. *See* Orders entered April 8, 2021, (Docket Entry No. 15) and May 18, 2021 (Docket Entry No. 27).

4

## II. ANALYSIS

In considering a motion to remand, the Court's focus is restricted to its authority to hear the case pursuant to the removal statute, 28 U.S.C. § 1441. *Bajor v. Wal-Mart Corp.*, 2008 WL 3200022 at *2 (E.D.Mich. Aug. 6, 2008). A civil case brought in state court may be removed by a defendant to federal district court if the case could have been brought in federal court originally. 28 U.S.C. § 1441(a); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 7-8 (1983). The party seeking removal has the burden of establishing that federal jurisdiction exists to support removal. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369 (6th Cir. 2007). In reviewing a motion for remand, all questions of fact and ambiguities in the law should be resolved in favor of the non-removing party. *See Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

After review of the parties' filings, the Court finds that the removal of this case from state court was proper. Plaintiff's arguments for why removal was improper and for why a remand should occur are groundless and unpersuasive. The motion for remand should be denied.

An action may be removed from state court to federal court pursuant to 28 U.S.C. § 1441 if the action is one over which the federal court would have original jurisdiction because either the action presents a federal question or the action involves a statutory threshold as far as the amount in controversy and diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The instant case was removed solely on the basis of diversity jurisdiction. Plaintiff's argument that federal question jurisdiction does not exist is irrelevant because the petition for removal does not raise federal question jurisdiction under 28 U.S.C. § 1331 as a basis for removal.

For diversity jurisdiction under 28 U.S.C. § 1332 to exist, a case must involve a matter in controversy that exceeds the sum or value of $75,000.00 and must involve opposing parties that are citizens of different states or foreign states. 28 U.S.C. § 1332(a). *See Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 829 (1989). There is no dispute that Plaintiff's case satisfies the amount in controversy requirement. As to the second element under Section 1332(a), Plaintiff contends that Defendants should be viewed as citizens of Tennessee and thus complete diversity between Plaintiff and Defendants does not exists. The Court finds no merit in Plaintiff's argument.

As a corporation, Defendant SWBC is a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As is stated in the petition for removal and as is shown by Defendant SWBC through filing information from the Tennessee Secretary of State that is attached as an exhibit to its response to the motion for remand, SWBC is incorporated in Texas and has its principal place of business in Texas. *See* Docket Entry No. 23-1.[4] Plaintiff's arguments that SWBC should nonetheless be considered a citizen of Tennessee because of an advertising slogan, because it conducts business through local branches in Tennessee, and because of "Manta Records," simply fail to support her position that SWBC is a citizen of Tennessee. Neither advertising slogans nor unsupported internet information are proof of corporate citizenship, and the fact that a corporation conducts business in a state does not establish the citizenship of the corporation. *See Bauer Found. Corp. v. IMI Tennessee, Inc.*, 2019 WL 6273253 at *3 (M.D.Tenn. Nov. 25, 2019) ("the mere fact that a company has offices and

---

[4] In the amended complaint, Plaintiff herself notes that SWBC is headquartered in Texas. *See* Amended Complaint at ¶ 2.

conducts business in a state is not dispositive" of where a corporation's principal place of business is located).

As a limited liability company, Defendant PennyMac has the citizenship of its members. *Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009). If a member of a limited liability company is itself a limited liability company, the citizenship of the sub-member is at issue. *Id.* As is stated in the petition for removal, PennyMac's sole member is a limited liability company called Private National Mortgage Acceptance Company, LLC, whose members are two Delaware corporations with principal places of business in California. *See also* PennyMac's Business Entity Disclosure Statement (Docket Entry No. 7). These facts are undisputed and support the conclusion that PennyMac is a citizen of Delaware and California and not of Tennessee. Plaintiff's arguments to the contrary are unpersuasive and legally unsupported. To the extent that Plaintiff argues that employees of PennyMac reside in Tennessee, that fact is simply not germane to the test for determining the citizenship of PennyMac.

The citizenship of a natural person for purposes of the diversity statute is synonymous with the person's domicile. *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968). Domicile is determined by two factors: (1) residence or physical presence in the state, and (2) an intention to remain. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1071 (6th Cir. 1990); *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir.1973). The petition for removal sets out that Defendant Marchese resides in Texas, intends to reside there, and is thus a citizen of Texas. The petition for removal adequately avers facts supporting the conclusion that Marchese is a citizen of Texas.[5] Plaintiff offers no

---

[5] Defendant Marchese has also attested to these facts in support of his motion to dismiss. *See* Affidavit of Marchese (Docket Entry No. 13-3).

facts that support any other conclusion as to the citizenship of Marchese, and certainly not a conclusion that Marchese is a citizen of Tennessee. Indeed, in her motion for remand, Plaintiff does not even raise an actual argument regarding the citizenship of Marchese.

Plaintiff second main argument in favor of remand, that the removal petition fails to adequately show the consent of Defendant SWBC to removal, likewise fails to support her motion. Although removal under 28 U.S.C. § 1441(a) requires unanimity among the defendants, 28 U.S.C. § 1446(b)(2)(A), and the rule of unanimity "demands that all defendants must join in a petition to remove a state case to federal court," *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (citing *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533-34 n. 3 (6th Cir. 1999)), the petition for removal clearly asserts that SWBC consented to the removal of the case. Further, by its response in opposition to the motion for remand, SWBC likewise clearly indicates its consent to removal. These actions are sufficient to satisfy the unanimity of consent requirement. *See Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004); *Crockett v. Mut. of Omaha Bank*, 2013 WL 3335113 at *3 (M.D.Tenn. July 2, 2013) ("in the Sixth Circuit, there is a third way in which the consent of non-removing defendants can be manifested, and that is by the filing of an opposition to a motion to remand."). Plaintiff's arguments to the contrary are unpersuasive and lack merit.

Although Plaintiff raises a variety of other arguments and issues in her motion and reply, none of these arguments and issues present any actual legal basis supporting the remand of this case. Issues with the legibility of the copies of her state court pleadings can be cured, and her issues with either the timing or the content of PennyMac's Business Entity Disclosure Statement fail to provide grounds for remand. Her allegations of potential bias against her are unfounded.

None of the other issues raised by Plaintiff are relevant to removal/remand and do not warrant further discussion.

## R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully RECOMMENDED that Plaintiff's motion to remand (Docket Entry No. 12) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge