IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JULIE LAWSON, | ) |
|    Plaintiff, | ) ) ) |
| v. | )    Case No. 3:21-cv-00197 |
| | )    Judge Aleta A. Trauger |
| SWBC MORTGAGE CORP., PENNYMAC LOAN SERVICES, LLC, and ANGELO MARCHESE, | ) ) ) ) |
|    Defendants. | ) |

**MEMORANDUM and ORDER**

The Magistrate Judge has issued a Report and Recommendation ("R&R") (Doc. No. 34), recommending that plaintiff Julie Lawson's Motion to Remand (Doc. No. 12) be denied. The plaintiff has filed an Objection to the R&R (Doc. No. 35), supported by a Memorandum (Doc. No. 36).[1] Defendant SWBC Mortgage Corp. ("SWBC") has filed a Response to the Objection (Doc. No. 38), and defendants PennyMac Loan Services, LLC and Angelo Marchese (collectively, the "PM defendants") have filed a separate Response (Doc. No. 40). For the reasons set forth herein, the court will overrule the Objection and deny the Motion to Remand.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Lawson filed this case on February 1, 2021 in the Circuit Court for Williamson County, Tennessee. On March 10, 2021, the PM defendants, acting with the express consent of co-defendant SWBC, removed the action to this court on the basis of diversity jurisdiction. (Doc.

---

[1] The Memorandum is not actually a memorandum but a list of every legal citation and citation to the record contained in the Objection.

No. 1.) Immediately following removal, the court referred the case to the Magistrate Judge to, among other things, dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1). (Doc. No. 5.)

Lawson moved to remand the case back to state court. (Doc. No. 12.) Both the PM defendants and SWBC filed Responses in opposition to the plaintiff's Motion to Remand. (Doc. Nos. 23, 24.) Magistrate Judge Holmes issued a thorough and well reasoned R&R, finding that diversity jurisdiction exists, the requirements for removal were met, and removal of this case from state court was proper. She, therefore, recommends that the Motion to Remand be denied. (Doc. No. 34.) The plaintiff's timely Objection followed. (Doc. No. 35.)

## II.  STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. Moreover, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (*see also Langley*

*v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Becker v. Clermont Cty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

### III. DISCUSSION

This discussion presumes familiarity with the other filings in this case and with the R&R in particular.

In her Objection, the plaintiff continues to maintain, as she did in her Motion to Remand, that the PM defendants failed to show that SWBC validly consented to removal and therefore failed to satisfy the unanimity requirement. She supplements that argument by claiming that SWBC could not properly consent to removal because it now argues (in a Motion to Dismiss) that it was never properly served. The plaintiff's arguments are devoid of legal merit.

As the Magistrate Judge found, removal under 28 U.S.C. § 1441(a) requires unanimity among the defendants, 28 U.S.C. § 1446(b)(2)(A), and the "rule of unanimity demands that all defendants must join in a petition to remove a state case to federal court." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). In this case, the notice of removal clearly asserts that counsel for SWBC consented to the removal of the case. The Sixth Circuit has expressly recognized that an attorney's signing a notice of removal under Rule 11, claiming consent on behalf of a non-removing defendant, is sufficient to satisfy the rule of unanimity. *Harper v.*

*AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201–02 (6th Cir. 2004). In addition, by filing a Response opposing the Motion to Remand, SWBC clearly reconfirmed its consent to removal. *Accord Crockett v. Mut. of Omaha Bank*, No. 3:12-0779, 2013 WL 3335113, at *3 (M.D. Tenn. July 2, 2013) ("[I]n the Sixth Circuit, . . . the consent of non-removing defendants can be manifested . . . by the filing of an opposition to a motion to remand." (citing *Harper*, 392 F.3d at 199–202)). The plaintiff's argument, now, that SWBC cannot both consent to removal and object to the sufficiency of service is simply irrelevant, as the issues are not related. The record establishes valid consent to removal by SWBC, and the Magistrate Judge did not err in so finding.

The plaintiff also argues that the PM defendants, as the removing defendants, failed to satisfy all of the procedural requirements for removal, because, for instance, they did not file a copy of "all process" along with their removal documents. This argument, too, is without merit. The removal statute requires the removing defendant or defendants to include "a copy of all process, pleadings, and orders served *upon such defendant or defendants* in such action." 28 U.S.C. § 1446(a) (emphasis added). That is, under the plain language of the statute, the PM defendants were only required to include copies of the process and pleadings served on them, not copies of the summons served on SWBC. And they clearly filed with their Notice of Removal a copy of the Summons, Complaint, and Amended Complaint that had been served upon them.

Finally, Lawson complains that none of the defendants "raised discrimination as a concern." (Doc. No. 35, at 9.) Besides the fact that the plaintiff presents no valid concerns regarding discrimination, discrimination simply does not factor into the determination of whether removal was proper, and it does not provide a basis for rejecting the R&R.

## IV. CONCLUSION AND ORDER

The plaintiff's utterly meritless Objection (Doc. No. 35) is **OVERRULED**, and the Magistrate Judge's R&R is **ACCEPTED** in its entirety. For the reasons set forth therein, the plaintiff's Motion to Remand (Doc. No. 12) is **DENIED**.

The other pending dispositive motions remain on referral to the Magistrate Judge.

It is so **ORDERED**.

                                      ALETA A. TRAUGER
                                      United States District Judge