IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FILED - DB

APR 2 2 2022

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | | |
|---|---|---|
| JULIE LAWSON, | ) | Case No. 3:21-CV-00197 |
| | ) | JURY DEMAND |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Aleta A. Trauger, U.S. District Judge |
| | ) | Barbara D. Holmes, U.S. Magistrate Judge |
| SWBC MORTGAGE CORP., | ) | |
| PENNYMAC LOAN SERVICES, LLC, | ) | |
| | ) | *Removed from Civil Circuit Court for* |
| DEFENDANTS. | ) | *Williamson County, Tennessee* |

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND

Plaintiff, Julie Lawson ("Lawson") has submitted a MOTION FOR LEAVE TO AMEND with her proposed AMENDED COMPLAINT attached as an exhibit, this supporting Memorandum, and an Affidavit swearing the truth of it all to this Honorable Court. In support of her Motion, Lawson states the following:

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading with the Court's leave, and the Court should freely give leave when justice so requires." See Bowles v. Reade,198 F.3d 752, 758–59 (9th Cir.1999). Pursuant to Local Rule 15.01(a)(1), Lawson must attach her proposed Amended Complaint to her Motion for Leave to Amend.

This Honorable Court gave Lawson a deadline of April 22, 2022 for responding to Defendants' Motions to Dismiss. Lawson's response is filed timely.

While dissecting each sentence of PennyMac Loan Services, LLC's ("PNMAC") second Motion to Dismiss, Lawson realized that the need for specificity in her last filing extends beyond names and dates germane to material facts supporting her causes of action. One of PNMAC's latest arguments was about fiduciary relationships, but Lawson had not mentioned such a thing. While researching, she realized a cause of action for fraud must be named as a specific type of fraud, which Tennessee's common law statutes protect against: Insurance Fraud. Now that Lawson understands the type of fraud to be alleged, she knows what facts are essential to add and what the true statute of limitations is for Defendants' conduct. To remedy this flaw requires Lawson's ability to explain the nature of this cause of action via the correct law broken and its related material facts.

PNMAC and SWBC Mortgage Corp. ("SWBC") both argue against permitting an Amended Complaint because Lawson has had three bites of an apple. The apple to which Defendants refer is a metaphor for justice, and they argue against Lawson's right to fight for it while simultaneously taking, not three bites, but nearly three dozen. That is how many current arguments Defendants have made collectively in an attempt to nullify Lawson's rights and this civil action. There is nothing wrong with seeking justice.

Lawson's proposed Amended Complaint is worthwhile, in the interest of justice, and stands on its own. An amendment, if allowed, would not be futile and would withstand the defenses raised in Defendants' Motions to Dismiss, because it corrects the very flaws PNMAC and SWBC identified and complain of in their Motions to Dismiss, including Defendants' statute of limitations defenses. Respectfully, the Law affords Lawson a pure, unjaundiced right to seek justice via amendment, first bite or last, as long as her amendment has substance showing

cause for her complaints. Further, PNMAC and SWBC are the only parties voluntarily withholding justice in this cause without the intervention of this Honorable Court, not Lawson. Defendants should be tried together, not separately, because Lawson's damages are the intertwined, combined result of Defendants' actions.

Of Defendants' nearly three dozen arguments for dismissal of causes of action against them, Lawson believes five are legitimate flaws, which have been corrected in her proposed Amended Complaint. Defendants' arguments primarily deflect from root causes of losses or contain wrong information. Collectively, they may be summarized as saying Lawson deserved exactly what happened to her, whether she likes it or not.

In addition to remedying these flaws, Lawson has made the following changes in her proposed Amended Complaint. She added facts to ensure her proposed Amended Complaint will survive any arguments made so far by Defendants. She made superficial edits, such as correcting typos. And, she edited any wording that could be construed as an argument. The latter change relates to SWBC's referral to what it calls an "argument" in its second Motion to Dismiss. Lawson did not know she had made an argument, but, if she did, these edits should remove any wording that could be construed as an argument, conclusion, or extraneous detail.

Lawson is not delaying this action unnecessarily, in bad faith, or with dilatory motive. Amending her Complaint would not prejudice this Honorable Court against Defendants. This Honorable Court could ultimately terminate Plaintiff's claims with finality. Given that no trial date has been set in the case, by seeking leave to amend, Lawson is delaying her own possibility of obtaining the relief that she seeks in this civil action.

All parties to this action are established as is the basis for jurisdiction. Lawson generally denies all allegations made by SWBC and PNMAC unless otherwise admitted.

Respectfully submitted this 22nd day of April, 2022.

*/s/ Julie Lawson*
Julie Ann Lawson, Plaintiff (pro se)
625 Harpeth Bend Drive; Nashville, TN 37221
Phone No: 615.294.6527
julie.lawson0207@gmail.com
~ Be a light, the change, & ever kind. ~

CERTIFICATE OF SERVICE

I hereby certify that I personally served a true and exact copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND with the Clerk of Court for THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION and that I served a true and exact copy of the same upon the individuals listed below via first class U.S. mail on this the 22nd day of April, 2022:

*Attorneys for Defendant SWBC Mortgage Corp.:*
Mark M. Bell (BPR #029048, mark.bell@wallerlaw.com, 615.850.8850) &
David J. Zeitlin (BPR# 037664, david.zeitlin@wallerlaw.com, 615.244.6380),
Waller, Lansden, Dortch & Davis, LLP
Nashville City Center, 511 Union Street, Suite 2700; Nashville, TN 37219

*Attorneys for Defendant PennyMac Loan Services, LLC:*

Melody McAnally, BPR #25971
Butler Snow, LLP
6075 Poplar Avenue, Suite 500; Memphis, TN 38119
Phone: 901.680.7200
melody.mcanally@butlersnow.com

Elizabeth J. Campbell (pro hac vice), Georgia Bar #349249
Locke Lord, LLP
Terminus 200, Suite 1200; 3333 Piedmont Road NE; Atlanta, GA 30305
Phone: 404.870.4600
ecampbell@lockelord.com

Julie Lawson, Plaintiff (pro se)
625 Harpeth Bend Drive; Nashville, TN 37221
Phone: 615.294.6527
julie.lawson0207@gmail.com

Page 5 of 5

Case 3:21-cv-00197   Document 72   Filed 04/22/22   Page 5 of 5 PageID #: 1116