FILED - DB
MAY 1 3 2022
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JULIE LAWSON,<br>PLAINTIFF,<br><br>v.<br><br>SWBC MORTGAGE CORP.,<br>PENNYMAC LOAN SERVICES, LLC<br>DEFENDANTS. | Case No. 3:21-CV-197<br>JURY TRIAL DEMANDED<br><br>Aleta A Trauger, U.S. District Judge<br>Barbara D Holmes, Magistrate Judge<br><br>*Removed from Civil Circuit Court for*<br>*Williamson County, Tennessee* |

### PLAINTIFF'S RESPONSE TO
### SWBC MORTGAGE CORP.'S RESPONSE IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Comes now the Plaintiff, Julie Lawson ("Lawson") and for her cause of action against the Defendant, SWBC Mortgage Corp. ("SWBC"), would state to this Honorable Court as follows:

1. Lawson generally denies all statements made in SWBC's oppositional response to her Motion for Leave to Amend.

2. SWBC attempts to assassinate Lawson's character in its oppositional response to her Motion for Leave to Amend by suggesting that she is playing games with this Honorable Court and ignoring its orders. See SWBC's oppositional response at ECF Doc. No. 74. Lawson does not believe these false statements warrant a response but responds here out of an abundance of caution. This Honorable Court has made no order of Lawson; therefore, there was no order to ignore. Nor has Lawson avoided responding to SWBC's

Case No. 3:21-CV-197  1 | Page

Motion to Dismiss. She has simply responded in the only way that makes sense, with corrections to flaws pointed out by Defendants. See Motion for Leave to Amend at ECF Doc. No. 71 and Lawson's proposed Amended Complaint at ECF Doc. No. 71-1. The law is Plaintiff's only sanctum with respect to the conduct described in this civil action, so SWBC's concern for her motives is hollow.

3. From what Lawson gathers, SWBC argues the statute of limitations for its Breach of Contract has expired because the gravamen of the Complaint is a tort claim. See SWBC's oppositional response at ECF Doc. No. 74. This civil action would never have arisen without SWBC's Breach of Contract, there is no tort claim against SWBC, and SWBC seeks to separate themselves from PennyMac Loan Services, LLC, the defendant for whom there actually is a tort claim. Id and see proposed Amended Complaint at ECF Doc. No. 71-1.

4. SWBC cites Section Five of the Deed of Trust when it argues that it was obligated to hold Lawson's insurance proceeds for a year before selling Lawson's home loan to another Lender, yet nothing in Section Five (or any other section in the Deed of Trust) indicates SWBC had such an obligation. See Deed of Trust Section Five at ECF Doc. No. 61-1 at p. 6. It does, however, clearly state SWBC's obligation to apply Lawson's insurance proceeds when rebuilding her home was economically infeasible. Id. As described in her proposed Amended Complaint, Lawson can clearly show:
    a. That rebuilding with SWBC was economically infeasible,

b. That no written agreement existed with SWBC to rebuild,

c. That SWBC directed Lawson away from the Deed of Trust with misleading instructions for her insurance claim that contradicted the Deed of Trust,

d. That SWBC's nonperformance of their obligation to timely apply her insurance proceeds resulted in damages, and

e. That SWBC must, by law, make Lawson whole again. See proposed Amended Complaint at ECF Doc. No. 71-1 and SWBC's instructions for Lawson to process her insurance claim at ECF Doc. No. 61-1, pp. 22-39.

5. SWBC argues Lawson was obligated to timely rebuild by citing Section Seven of the Deed of Trust. See Deed of Trust Section Five at ECF Doc. No. 61-1 at p. 7. This disingenuous averment is wrong. As described in Lawson's proposed Amended Complaint, Section Seven is about preventing further property damage when a loss occurs. Id. There was no further damage to prevent because Lawson's house fire resulted in a total loss. See proposed Amended Complaint at ECF Doc. No. 71-1. Additionally, Section Seven does not apply when rebuilding is considered economically infeasible per Section Five. See Deed of Trust Section Five at ECF Doc. No. 61-1 at p. 7.

6. SWBC should have specified the following in its Deed of Trust if the following was indeed the result it hoped for:

a. That Section Seven should apply to Borrowers suffering a total loss;

b. That the definition of economic feasibility should come from Webster Dictionary;

c. That the definition of economic feasibility should exclude any dependency on a Borrower's abilities; and

d. That Borrowers should have to help it carry out its own obligation of correctly applying insurance proceeds. Id.

What SWBC cannot do is insert new meanings and definitions to its Deed of Trust after the fact. See Deed of Trust Section Five at ECF Doc. No. 61-1.

7. SWBC breached the Deed of Trust, caused Lawson damages, and Lawson demands they make her whole again. See proposed Amended Complaint at ECF Doc. No. 71-1.

Lawson asks this Honorable Court to see through SWBC's distractions and grant her Motion for Leave to Amend.

Respectfully submitted this 13th day of May, 2022.

Julie Ann Lawson, Plaintiff (pro se)
625 Harpeth Bend Drive; Nashville, TN 37221
Phone No: 615.294.6527
julie.lawson0207@gmail.com
~ Be a light, the change, & ever kind. ~

Case No. 3:21-CV-197                                                                                                 4 | Page

Case 3:21-cv-00197   Document 75   Filed 05/13/22   Page 4 of 5 PageID #: 1136

# CERTIFICATE OF SERVICE

I hereby certify that I personally served a true and exact copy of the foregoing PLAINTIFF'S RESPONSE TO SWBC MORTGAGE CORP.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND with the Clerk of Court for THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION and that I served a true and exact copy of the same upon the individuals listed below via first class U.S. mail on this the 16th day of May, 2022:

*Attorneys for Defendant SWBC Mortgage Corp.:*
Mark M. Bell (BPR #029048, mark.bell@wallerlaw.com, 615.850.8850) &
David J. Zeitlin (BPR# 037664, david.zeitlin@wallerlaw.com, 615.244.6380),
Waller, Lansden, Dortch & Davis, LLP
Nashville City Center, 511 Union Street, Suite 2700; Nashville, TN 37219

*Attorneys for Defendant PennyMac Loan Services, LLC:*

Melody McAnally, BPR #25971
Butler Snow, LLP
6075 Poplar Avenue, Suite 500; Memphis, TN 38119
Phone: 901.680.7200
melody.mcanally@butlersnow.com

Elizabeth J. Campbell (pro hac vice), Georgia Bar #349249
Locke Lord, LLP
Terminus 200, Suite 1200; 3333 Piedmont Road NE; Atlanta, GA 30305
Phone: 404.870.4600
ecampbell@lockelord.com

_____
Julie Lawson, Plaintiff (pro se)
625 Harpeth Bend Drive; Nashville, TN 37221
Phone: 615.294.6527
julie.lawson0207@gmail.com