IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JULIE LAWSON )
)
v. ) NO. 3:21-00197
) Trauger/Holmes
SWBC MORTGAGE CORP., et al. )

**O R D E R**

For the reasons set out below, Plaintiff's motion for leave to amend her complaint (Docket Entry No. 71) is GRANTED. The Clerk is directed to docket Plaintiff's proposed pleading (Docket Entry No. 71-1) as her third amended complaint. Because the third amended complaint will become the legally operative complaint, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), the pending motions to dismiss (Docket Entry Nos. 65 & 68) are DENIED WITHOUT PREJUDICE to refiling as to the third amended complaint, as appropriate, **within 42 days** of the date of entry of this Order.

In response to Defendants' initial motions to dismiss, the *pro se* Plaintiff was granted leave to file a second amended complaint, and the motions to dismiss were denied without prejudice to re-filing. *See* Order entered December 28, 2021 (Docket Entry No. 59). Upon Plaintiff's filing of the second amended complaint, Defendants renewed their separately filed motions to dismiss.

In lieu of a response to the renewed motions to dismiss, Plaintiff filed the pending motion for leave to again amend her complaint and attached to her motion the proposed third amended complaint (Docket Entry No. 71-1). Plaintiff argues that the proposed amendment clarifies her allegations and the nature of her claims, especially the claim of fraud, and also corrects pleading

deficiencies in her second amended complaint. *See* Memorandum in Support (Docket Entry No. 72).

Defendant SWBC Mortgage Corp. ("SWBC") opposes Plaintiff's motion, arguing that the proposed amendment is not substantively different than Plaintiff's current pleading, does not cure the deficiencies of the second amended complaint, and is futile because it would not withstand the defenses raised in SWBS's motion to dismiss. *See* Response in Opposition (Docket Entry No. 73). Defendant SWBC further asserts that it will be prejudiced by any additional delays in this case and by being required to respond to another amended pleading from Plaintiff. *Id*. Defendant PennyMac has not responded to the motion for leave to amend.

The Court recognizes that the futility of an amended pleading can be a basis upon which to deny an amendment even though Rule 15 of the Federal Rules of Civil Procedure sets out a directive that amendments of pleadings should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court further recognizes that Defendant SWBC may well eventually be found to have sound arguments for the dismissal of some or all of the claims brought against it.[1] Nonetheless, given that Plaintiff proceeds *pro se* and given that the possibility that the Court may ultimately enter an order that would have a *res judicata* effect on Plaintiff's claims, the Court will permit the *pro se* Plaintiff another opportunity to set out with more specificity her factual allegations and claims so that there can be no question about the leave given to Plaintiff to plead

---

[1] Further, the Court's preference is for any challenge to the merits of Plaintiff's claims, as set out in the third amended complaint, to be raised in a response to the actual pleading and not in the stance of a futility argument regarding a proposed amendment.

2

what she believes to be the wrongdoings that happened to her.² Further, no trial date has been set in the case. Given that it is Plaintiff who, by seeking leave to amend, is delaying her own possibility of obtaining the relief that she seeks in this lawsuit, the Court is not persuaded that any additional delay caused by granting leave to amend is sufficiently prejudicial to Defendants to warrant denial of the request for leave to amend. That Defendants may have to file another motion to dismiss is simply a function of the required liberal application of Rule 15 and is not unduly prejudicial.³ The Court likewise does not view Plaintiff's request for leave to amend as being made in bad faith or with a dilatory motive.

So ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

---

² At some point, a plaintiff's repeated amendments warrant denial of a motion to amend. The Court does not find this case is at that point yet. Plaintiff is however cautioned that she will not be given unlimited opportunities to address pleading deficiencies.
³ Further, while the Court is certainly not inviting additional motions to dismiss, SWBC Mortgage Corp.'s arguments regarding futility, if meritorious, can be converted into a motion to dismiss with relative ease, which further mitigates against any prejudice from allowance of the third amended complaint.