# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| JULIE LAWSON | ) |
| | ) Case No. 3:21-cv-00197 |
| v. | ) Judge Trauger |
| | ) Magistrate Judge Holmes |
| PENNYMAC LOAN SERVICES, LLC | ) |

To: The Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff Julie Lawson's second motion to remand (Docket No. 177), to which Defendant Pennymac Loan Services, LLC responded in opposition (Docket No. 185) and Plaintiff replied in support (Docket No. 187). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's second motion to remand (Docket No. 177) be denied.

### I. PROCEDURAL BACKGROUND

Plaintiff Julie Lawson filed this lawsuit *pro se* on February 1, 2021 in the Circuit Court for Williamson County, Tennessee against three defendants, though Pennymac is the only remaining defendant. (Docket No. 1-1.) Plaintiff filed an Amended Complaint on March 2, 2021. (Docket No. 1-2). Pennymac then removed the lawsuit to this Court on March 10, 2021 and asserted that the Court had jurisdiction under 28 U.S.C. § 1332 because the parties were diverse and the amount in controversy exceeded $75,000.00. (Docket No. 1 at ¶¶ 11–23.) Pennymac alleged that Plaintiff was a citizen of Tennessee and it was a citizen of California and Delaware. (*Id.* at ¶¶ 14, 19–21.)

---

[1] In accordance with *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001), the motion to remand is construed as a dispositive motion requiring a Report and Recommendation.

Following removal to this Court, Plaintiff moved to remand the case back to state court on April 6, 2021. (Docket No. 12.) The undersigned, however, issued a Report and Recommendation finding no basis for remand because there was diversity of citizenship among the parties. (Docket No. 34.) Plaintiff objected to the undersigned's findings (Docket No. 35), but the District Judge overruled Plaintiff's "utterly meritless" objections and accepted the Report and Recommendation in its entirety (Docket No. 41).

After the issue of remand was resolved, Plaintiff amended her complaint several times in response to motions to dismiss. Plaintiff filed her second amended complaint on January 31, 2022 (Docket No. 61); her third amended complaint on January 6, 2023 (Docket No. 77); and her fourth amended complaint on August 7, 2023 (Docket No. 97). Pennymac then filed a motion to dismiss on September 5, 2023. (Docket No. 103.) The Court dismissed Plaintiff's claims for violation of the Tennessee Consumer Protection Act and for intentional infliction of emotional distress, but Plaintiff's breach of contract claim survived. (Docket No. 113, 123.) After the parties engaged in discovery,[2] Pennymac filed a motion for summary judgment on August 14, 2025 on the remaining breach of contract claim. (Docket No. 165.) The deadline for Plaintiff's response remains suspended.

Plaintiff then filed the instant motion to remand (Docket No. 177) on September 22, 2025, to which Pennymac responded in opposition (Docket No. 185).

---

[2] Several discovery disputes arose between the parties, some of which remain pending before the undersigned. *See, e.g.*, Docket Nos. 150-1, 183, 186.

## II.   LEGAL AUTHORITY AND ANALYSIS

Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court is removable only if it could have originally been brought in federal court. 28 U.S.C. § 1441(a). Thus, "a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007). One source of original jurisdiction is diversity of citizenship jurisdiction, which is present only in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

The district court has a "continuing obligation" to enquire into the basis of subject-matter jurisdiction to satisfy itself that jurisdiction to entertain an action exists. *Nationwide Mut. Ins. Co. v. Cisneros*, 52 F.3d 1351, 1361 (6th Cir. 1995). "Unlike other issues not involving the merits of a case, subject-matter jurisdiction may be raised at any time, by any party or even sua sponte by the court itself." *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992); *accord* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). This is particularly so in removal actions, where "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded [to the state court]." 28 U.S.C. § 1447(c).

"A defendant seeking to remove a case to federal court has the burden of proving that the district court possesses jurisdiction." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (citation omitted). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted).

In her motion, Plaintiff argues that the Court lacks subject matter jurisdiction because the parties are not diverse in citizenship.³ (Docket No. 177.) Plaintiff contends that both she and Pennymac are citizens of the state of Tennessee for two reasons. First, she asserts that Pennymac hired a loan officer who was, according to Pennymac's website, "[b]orn and raised in Nashville, Tennessee." (Docket No. 178 at ¶ 16.) Second, she asserts that "Contact Us" section of Pennymac's website lists a physical address of "NMLS #2168312" in Franklin, Tennessee. (*Id.* at ¶ 17.) Based on these two Tennessee ties, she argues that "[c]omplete diversity does not exist in this case because [the loan officer's] Tennessee presence and citizenship makes both parties citizens of the State of Tennessee." (*Id.* at ¶ 33.)

In response, Pennymac argues that Plaintiff's motion is "plainly incorrect." (Docket No. 185 at 1.) Pennymac asserts that it is a citizen of the states of Delaware and California because its sole member, Private National Mortgage Acceptance Company, LLC, is made up of two members, PNMAC Holdings, Inc. and PennyMac Financial Services, Inc., both of which are Delaware corporations with principal places of business in California. (*Id.* at 2.) Pennymac contends that its hiring of an employee who resides in Tennessee does not mean that this employee is a "member" of Pennymac for purposes of determining citizenship. (*Id.* at 3.) Pennymac also asserts that the amount in controversy is over $75,000.00 because Plaintiff has sought compensatory damages "jointly and severally, in an amount in excess of $587,593." (*Id.* (quoting Docket No. 97 at 70).) Accordingly, it argues that the Court continues to have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and that Plaintiff's second motion to remand should be denied.

---

³ Plaintiff also argues that there is no federal question in this case because her claim for breach of contract is the only remaining claim. (Docket No. 177; Docket No. 178 at ¶¶ 11–14.) Pennymac does not dispute that is not a federal question case. (Docket No. 185.)

The Court agrees with Pennymac that the Court has subject matter jurisdiction because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Plaintiff is a citizen of the state of Tennessee and Pennymac is a citizen of the states of Delaware and California. Accordingly, the parties are not citizens of the same state. The Court previously determined the citizenship of Pennymac in its Report and Recommendation denying Plaintiff's first motion to remand:

> As a limited liability company, Defendant PennyMac has the citizenship of its members. *Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009). If a member of a limited liability company is itself a limited liability company, the citizenship of the sub-member is at issue. *Id*. As is stated in the petition for removal, PennyMac's sole member is a limited liability company called Private National Mortgage Acceptance Company, LLC, whose members are two Delaware corporations with principal places of business in California.[4] *See also* PennyMac's Business Entity Disclosure Statement (Docket Entry No. 7). These facts are undisputed and support the conclusion that PennyMac is a citizen of Delaware and California and not of Tennessee. Plaintiff's arguments to the contrary are unpersuasive and legally unsupported. To the extent that Plaintiff argues that employees of PennyMac reside in Tennessee, that fact is simply not germane to the test for determining the citizenship of PennyMac.

(Docket No. 34 at 7.) Plaintiff has offered no compelling argument to render this analysis incorrect.

Contrary to Plaintiff's assertion, the state of residence of a single employee is irrelevant for purposes of determining the citizenship of a limited liability company like Pennymac. Further, the fact that Pennymac has an office in Tennessee does not mean that it is automatically a citizen of the state of Tennessee, which is what Plaintiff appears to believe. Plaintiff provides the Court with no legal authority to support her contention that this employee's residence is of any import

---

[4] A corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Here, PNMAC Holdings, Inc. and PennyMac Financial Services, Inc., both of which are corporations, are citizens of the state in which they were incorporated, Delaware, and the state in which they have their principal place of business, California. Plaintiff has offered no contradictory information.

5

or that the presence of one physical office in a state may alter a party's citizenship. Rather, Plaintiff's arguments lack merit, are without legal support, and are, ultimately, unpersuasive.

### III. RECOMMENDATION

For these reasons, it is respectfully RECOMMENDED that Plaintiff's second motion to remand (Docket No. 177) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,
**Signed By:**
**J. Gregory Wehrman**
**United States Magistrate Judge**