IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JULIE LAWSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 3:21-cv-00197** |
| **PENNYMAC LOAN SERVICES, INC.,** | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM**

The court has entered an Order (Doc. No. 227) setting aside the Judgment (Doc. No. 215) and vacating its prior Orders (Doc. Nos. 214, 217) accepting the Magistrate Judge's Report and Recommendation ("R&R"), granting the defendant's Motion for Summary Judgment, and declining to consider the plaintiff's untimely Objection to the R&R.

Accordingly, the court will now consider on its merits the plaintiff's Objection (Doc. No. 216) to the R&R (Doc. No. 213), despite its technically being untimely. For the reasons set forth herein, the objections (set forth in the document titled Objection) will be overruled, the R&R will be accepted, and the Motion for Summary Judgment (Doc. No. 165) will be granted. This case will be dismissed and a new judgment will enter, restarting the time for the plaintiff to appeal.

## I. STANDARD OF REVIEW

After being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. BACKGROUND

As the R&R succinctly summarized it, this case

> concerns a dispute between Ms. Lawson and her mortgage provider over how proceeds from her home insurance policy were to be applied after a fire destroyed Ms. Lawson's home. Ms. Lawson believes that one of her mortgage providers,

> Pennymac, breached the deed of trust between the two parties because Pennymac failed to apply those insurance proceeds to the principal sums owed on Ms. Lawson's mortgage and instead allowed Ms. Lawson to use the proceeds to rebuild her home.

(Doc. No. 213 at 1–2.)

After the plaintiff initiated this lawsuit in state court, Pennymac removed it to this court on March 10, 2021 on diversity grounds. (Doc. No. 1.) Following various amendments to the Complaint, the dismissal of certain claims, and the agreed dismissal of former defendant SWBC Mortgage Corp. (from which Pennymac took over servicing the plaintiff's loan in November 2018), the only remaining claim is a breach of contract claim against Pennymac. The claim is based on the plaintiff's contention that Pennymac breached the Deed of Trust by failing to apply the insurance proceeds to the mortgage principal, because it was not "economically feasible" to rebuild or restore her home (the "Property") after it burned, as required by the Deed of Trust. (*See* Doc. No. 61-1, Deed of Trust ¶ 5.)

Pennymac seeks summary judgment, arguing, among other things, that the undisputed facts establish that repair and restoration of the plaintiff's Property was "economically feasible." The defendant's motion (Doc. No. 165) was supported by a Memorandum of Law (Doc. No. 166), Statement of Material Facts ("SMF") (Doc. No. 167), and a substantial quantity of evidentiary material. The plaintiff responded by filing (1) a Response to the Motion for Summary Judgment (Doc. No. 208); (2) a Response to the defendant's SMF, her own Declaration, and numerous exhibits (Doc. Nos. 203, 203-1 to 203-33); and (3) an Amended Response to the SMF (Doc. No. 207), Amended Declaration (Doc. No. 207-1), "First amended continued responses to Pennymac statement at document 167" ("Continued Responses") (Doc. No. 207-2), and additional exhibits (Doc. No. 207-3). The first part of the plaintiff's Amended Response to the SMF consists of lists of the "evidence," pages of "definitions," "Formal Requests" asking the court to (among other

things) "accept [her] amended declaration as support of this statement and as support of the evidence referenced in this statement" and to "accept each document referenced in this statement as support of the fact where it is referenced," and thirty pages of argument. (*See generally* Doc. No. 207 at 1–39.) At page 40, she appends a copy of the defendant's SMF, on which the plaintiff wrote, after every fact, "See amended ev. B," referring to her Continued Responses (Doc. No. 207-2). (*See* Doc. No. 207 at 40–53.) Her Continued Responses address each factual statement in the SMF with greater particularity, stating in response to each, "I cannot agree with this statement," "I cannot fully agree," or "I object"[1]—even to innocuous and obviously undisputed facts, such as the date the plaintiff obtained the mortgage loan at issue, the fact that she executed a Promissory Note and Deed of Trust in connection with the loan, and the fact that the loan was secured by the Property as collateral. (*See generally* Doc. No. 207-2.) The plaintiff even disagrees with obviously undisputed facts that Pennymac supports by citing the plaintiff's deposition testimony.

For example, in response to Pennymac's SMF No. 8 ("On November 29, 2017, a fire occurred at the Property."), which is supported by a citation to the plaintiff's deposition testimony (Doc. No. 168-1, Lawson Dep. 27 ("[T]he fire was November 29, 2017.")), the plaintiff states: "I object to Pennymac only supporting this statement with the bad deposition I objected to in its entirety (described in my response to Pennymac statement 2). To create movement in this civil

[1] The plaintiff's Response and Continued Responses do not comply with Local Rule 56.01, which requires that a response to a statement of facts "must contain individually numbered, concise, non-argumentative responses corresponding to each of the movant's numbered undisputed material facts," and each numbered response "must start with 'Undisputed,' 'Undisputed for Summary Judgment Purposes Only,' or 'Disputed.'" L.R. 56.01(e)(1)–(2). In addition, for each disputed fact, the respondent must provide "evidentiary citations supporting the respondent's position" that are "limited to evidence specific to that particular fact." L.R. 56.01(e)(3). Legal argument is to be made only in the separate memorandum responding to the motion for summary judgment, not in the response to the statement of facts. L.R. 56.01(e)(5). Regardless, the Magistrate Judge construed the plaintiff's Continued Responses as affirming that she disputed every factual statement in the defendant's SMF.

case, I believe I have already provided Pennymac with proper evidence it could use, such as the fire report." (Doc. No. 207-2, Resp. SMF No. 8 (citing, in a footnote, Doc. No. 203.8, page 34 to 46).)

In fact, many of the defendant's factual statements are supported by a citation to the plaintiff's deposition or to the Affidavit of Johnny Morton (Doc. No. 167-1), and the plaintiff objects on the basis that these are a "bad affidavit" and a "bad deposition." (Doc. No. 207-2, *passim*.) She contends that the Morton Affidavit is "improper" because it "contains irrelevant statements," conflicts with other evidence in the record (that she does not cite), "misstates events," lacks a proper foundation, and constitutes hearsay. (Doc. No. 207-2 ¶ 1.) She objects to her deposition as "bad" because, as set forth in her own Declaration, it was "taken by a journalist not licensed to transcribe the deposition" and lasted longer than was permissible. (*Id.* ¶ 2 (citing generally Doc. No. 207-1, Lawson Am. Decl.).)

In sum, the plaintiff purports to disagree at least in part, as a matter of principle, with *every one* of Pennymac's 91 statements of fact. The Magistrate Judge found that, although the Continued Responses contain lengthy responses to each statement of fact, the plaintiff failed to adequately dispute any material fact and failed to provide precise citations to the evidence in the record that supports her disputes, as required by Local Rule 56.01(e). Regarding the "bad" deposition and affidavit, the R&R noted that, in support of her assertions, the plaintiff cited very generally to her 33-page Declaration without specifying a page or paragraph number. While this failure alone was "enough to end the court's review and to find no merit to the contention that the deposition was 'bad,'" the Magistrate Judge nonetheless reviewed the Declaration, which, as the R&R notes,

> led to a document containing unidentified snippets of online articles or posts concerning the court reporter (Docket No. 203-26). This confusing trail of documents and seemingly irrelevant materials does not demonstrate that Ms. Lawson's deposition was improper or "bad" for any reason. The same is true for

> Ms. Lawson's legal arguments that the affidavit of Pennymac's business records is "improper" or that the "best evidence rule" is contradicted, among others. She provides no legal support for these arguments.

(Doc. No. 213 at 9.) The Magistrate Judge concluded that Lawson did not properly or adequately dispute any of Pennymac's statements of fact. Accordingly, she concluded that, "to the extent that the statements of fact asserted in Pennymac's [SMF] are supported by the record, the court is permitted to rely upon those statements of fact as undisputed." (*Id.*)

The R&R's recommendation that summary judgment be granted in favor of Pennymac turned on whether the record established, as a matter of law and undisputed fact, that it was economically feasible to repair or restore the Property when Pennymac took over the loan on November 2, 2018. The Magistrate Judge found that the term "economically feasible," as used in the Deed of Trust, was not ambiguous,[2] that the terms means "economically reasonable" or "economically practicable" (rather than merely "economically possible"), and that the "undisputed record shows that Ms. Lawson had or could have had access to an adequate amount of funds to cover the estimated cost to rebuild her home such that repair or restoration of her property was economically reasonable or practicable." (Doc. No. 213 at 13, 16.) In addition, the Magistrate Judge found that the "undisputed record shows that Ms. Lawson intended to rebuild with the insurance proceeds she received and that she believed that she would receive additional [insurance] proceeds. The record also shows that she acted accordingly with respect to her rebuild." (*Id.* at 16–17 (citing documents in the record supporting these conclusions).) Finally, the R&R determined that the "undisputed record" shows that "Pennymac provided funds to Ms. Lawson for her rebuild." (*Id.* at 17 (citing documents in the record).) As a result of these factual findings, the Magistrate Judge determined that, "as of November 2, 2018 when Pennymac took over the loan

---

[2] Neither party argued that it was ambiguous.

from the original lender, both Ms. Lawson and Pennymac believed that it was economically feasible to repair or restore Ms. Lawson's property and that it was, indeed, economically feasible to do so." (*Id.* at 17.)

The R&R acknowledges the plaintiff's attempts to address the issue of economic feasibility and found that her response documents do not "point out the existence of genuine issues of material fact, address the merits of her legal claims, or set forth any legal arguments, let alone any legal arguments that are responsive to Defendant's summary judgment motion. Instead, Ms. Lawson presumably expects the court to piece her argument together based on" the additional documents to which she cited, including "her 55-page response to Pennymac's [SMF]; her 33-page declaration; and her 33-page 'continued' response to Pennymac's [SMF]." (*Id.* at 18 (citing Doc. No. 208 at 5 (citing Doc. Nos. 207, 207-1, 207-2)).)

The Magistrate Judge nonetheless noted that she had "combed through" the plaintiff's Response to Pennymac's SMF and had found "references to economic feasibility within several footnotes" in which the plaintiff pointed to documents that she believed supported her position that rebuild was not economically feasible. The R&R considered these documents and concluded that, although they document the plaintiff's informing Pennymac about "financial troubles," the same documents also show that Lawson continuously sought Pennymac's approval of rebuild plans and design elements, showing that she intended to rebuild. (*Id.* at 19.) More critically, these documents all post-dated November 2, 2018—the date by which the plaintiff contends that Pennymac should have known it was not economically feasible to repair or restore her Property. (*See id.* (citing Fourth Am. Compl. Doc. No. 97 ¶¶ 41 ("[Pennymac] knew or should have known by **11.02.2018** that the amount of the Proceeds would not cover the Rebuild."), 162(d) ("Defendant's

nonperformance occurred . . . no later than its constructive knowledge of economic infeasibility (11.02.2018).”)).)

In sum, finding that Pennymac’s motion was well supported and that the plaintiff’s response documents failed to establish the existence of a material factual dispute as to her breach of contract claim, the Magistrate Judge recommended that Pennymac’s Motion for Summary Judgment be granted.[3]

## III. THE PLAINTIFF’S OBJECTIONS

First Objection

The plaintiff objects to the R&R’s “suggestion” that she did not demonstrate “genuine factual disputes” that would allow a jury to find in her favor. (Doc. No. 216 at 1.) In support of this first objection, she asserts that “genuine factual disputes and evidence to support it for [her] active claim of Defendant’s first breach of contract, including resulting damages,” can be found on “on pages 10–27 of document number 207,” specifically “facts 1–50 and supporting evidence at annotations 28–128.” (Doc. No. 216 at 2.) Similarly, the evidence supporting her “active claim[s]” regarding the defendant’s second, third, and fourth breaches of contract can be found on pages 28–34 and 34–38 of document number 207, facts 51–54 and 55–58, annotations 129–89 and 190–218. (*Id.*) In other words, without specifically identifying which facts she refutes, she refers the court to the entirety of her Amended Response to the SMF (which also incorporates by reference her Continued Responses (Doc. No. 207-2)).

[3] The R&R does not reach alternative arguments raised by Pennymac, including that Lawson abandoned the specific breach of contract claim included in the operative pleading and that she should be equitably estopped by her own statements and conduct from claiming that repair or restoration was not “economically feasible,” or its arguments regarding some of the plaintiff’s damages claims. (*See* Doc. No.166 at 14–22; Doc. No. 213 at 20 n.9.)

This objection will be overruled in its entirety, as it amounts to a blanket objection to the entirety of the R&R, without pointing specifically to disputed facts or showing that the Magistrate Judge erred in finding them undisputed.

Second Objection

The plaintiff contends that Pennymac "did not successfully meet its burden of showing the absence of genuine factual disputes" and that the R&R erred in finding that it did. (Doc. No. 216 at 3.) But she affirms that the R&R correctly concluded that she "dispute[s] all facts in Pennymac's statement of material facts." (*Id.*) This objection, too, will be overruled, for the same reasons. It is insufficiently specific to warrant consideration.

Third Objection

Third, Lawson objects to the R&R on the basis that, she claims, she provided citations to the evidence that supports her disputes with the defendant's fact statements, in accordance with Local Rule 56.01(e). In support of this objection, she includes a "few examples" of the evidence she mustered to support her position. She cites to "basic papers," including Doc. Nos. 203-6, 203-7, 203-8, 203-10, and 203-23. (Doc. No. 216 at 4.) She claims that the first of these documents shows "Southwest [former defendant SWBC Mortgage Corp.] did not report the loss payout to the IRS." (Doc. No. 216 at 4.) The other documents are her loan application, the insurance policy, her "first written notice to Pennymac of [her] steadfast desire to rebuild," and a document showing she "likely could have gotten a construction loan." (*Id.*) She cites other documents in the record that supposedly show that "rebuild was not possible" with several banks, bids she gave Pennymac in December 2018 and March 2019, "journal entries" and "audio recordings" showing "breaches of contract" and that several banks "knew [she] had no money for a rebuild." (*Id.*) She cites to documents that she characterizes as showing Pennymac's "mishandling of the loss payout,"

memorializing the "forced sale of the property," and additional "evidence of breaches of contract" and putting Pennymac on "notice of bad behavior." (*Id.* at 5.)

This objection will be overruled. Again, Lawson has not pointed to any specific fact that she contends is both disputed and material to the question of whether repair or restoration was feasible as of the date she first informed Pennymac that she desired to rebuild. The objection again amounts to a very general objection that the R&R was incorrect. It is insufficiently specific and therefore "tantamount to a complete failure to object." *Cole*, 7 F. App'x at 356.

Fourth Objection

Lawson generally objects that the R&R fails to consider "all documents [she] provided in 2025." This includes essentially all of the documents she filed in response to the Motion for Summary Judgment. (Doc. Nos. 207, 207-1, 207-2, 207-3, 208, 203-1 through -33, 204 (thumb drive of audio recordings), 209 and 210 (Motion to Correct Clerical Errors and supporting Memorandum).) She contends that, through these documents, she "showed [the court] each bank's failure to perform under paragraphs 2 and 5 of the deed of trust and resulting damages from that nonperformance, which is covered primarily by documents 203 through 210." (Doc. No. 216 at 6.)

This general objection to the entirety of the R&R is, again, not sufficiently specific to qualify as a "proper" objection under Federal Rule of Civil Procedure 72(b), which, as set forth above, requires that the plaintiff lodge "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Moreover, to the extent the Magistrate Judge declined to review all of the plaintiff's exhibits, it was because she failed to provide pin cites, explain what her exhibits show, or explain what portion of the defendant's fact statements were truly disputed.

Fifth Objection

The plaintiff objects to "errors and omissions" in the R&R, each of which is listed in seventeen numbered paragraphs.(Doc. No. 216 at 8–12.) For example, the plaintiff states that paragraphs 37–42 of her Amended Response to the SMF (Doc. No. 207) show that neither SWBC nor Pennymac "applied the insurance proceeds to the principal sums owed on my loan when it was economically infeasible to rebuild." (Doc. No. 216 at 8.) These referenced paragraphs state:

> 37. Southwest, and then Pennymac, failed to take responsibility despite the clearly worded bank responsibility (described in section 5 of the agreement and at paragraphs 11 to 13 above)
>
> 38. These banks failed to use the loss payout to pay down the loan when a rebuild was not economically [sic] feasible.
>
> 39. These banks failed to use the loss payout to pay down the loan when a rebuild would have harmed bank security in the agreement.
>
> 40. Pennymac willfully failed to take responsibility for its obligations as set forth in section 5 of the agreement.
>
> 41. I began to understand this Pennymac failure on 12.11.19 and demanded a remedy the same day.
>
> 42. Despite the Pennymac failure and my requests for it to make good on its word, Pennymac refused to do what it agreed to do.

(Doc. No. 207 at 21–22 (footnoted citations omitted).)

The documents the plaintiff cites in support of each of these statements primarily substantiate the undisputed fact that Pennymac did not comply with the plaintiff's demand that it retroactively apply the insurance proceeds to the mortgage loan.[4] Otherwise they consist of the

---

[4] As the Magistrate Judge noted, Lawson appears to believe that the Deed of Trust required Pennymac to retroactively apply the insurance proceeds to the Loan on the date when repair or restoration became no longer economically feasible (that is, as of the date she received the insurance check in December 2017 (*see* Doc. No. 168-33 at 2, Lawson Dep. Ex. 32 (Dec. 11, 2019 letter from Lawson to Pennymac, demanding that the defendant "[a]pply the restricted escrow balance of $210,132.02 toward [her] loan balance retroactively to December 2017")), rather than as of the date the parties recognized that it was no longer economically feasible. (*See* R&R at 19

loan documents and the 2018 mortgage interest statements. Aside from the problem that the plaintiff's citations send the court on a wild goose chase to track down the various documents, the cited documents do not actually establish the existence of a genuine dispute as to any material fact, and they do not support the plaintiff's contention of economic infeasibility.

The other cited "errors" are similarly either not material or not supported by the cited documents. For example, the plaintiff claims that there is a dispute as to whether the initial loan amount was for $236,378 or $240,562. (Doc. No. 216 at 8 (citing Doc. No. 207 at 28 (citing Doc. No. 203-33 at 6, 8, 30)).) Aside from the fact that the documents to which she points do not establish that the loan amount was for $236,378 instead of $240,562 (*see, e.g.*, Doc. No. 203-33 at 8 (amortization schedule showing loan amount of $240,562 00), that purported dispute is simply not material to the economic feasibility question. Likewise, the plaintiff disputes the R&R's statement that she "eventually decided to stop pursuing a rebuild of her home and to sell her property" (Doc. No. 213 at 4 (citing Doc. No. 97 ¶ 101; Doc. No. 168-1, Lawson Dep. 207–08)), asserting that she did not "choose" to sell her Property—rather, she was "obstructed from rebuilding . . . and run off my property under threat of a manufactured foreclosure." (Doc. No. 216 at 9.) But whether she "chose" to sell or felt "obstructed" is not really material; the material fact is that she ceased trying to rebuild and put her house on the market in the summer of 2019. And the documents cited in the R&R support that fact. (*See* Lawson Dep. 207–08 (agreeing that she had stopped trying to rebuild and had "[d]efinitely" decided to sell by July 4, 2019); Doc. No. 97 ¶ 101 ("Rebuilding was blatantly out of Lawson's reach at this point and [Pennymac] was claiming the

---

n.8.) But Lawson does not point to any provision of the Deed of Trust supporting such retroactive application.

Loan was in default, forcing Lawson to put the Property on the market, which she did on 06.07.2019").)

Under the Federal Rule of Civil Procedure governing motions for summary judgment, a court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). By its terms, Rule 56 anticipates "that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). In other words, even if genuine, a factual dispute that is irrelevant or unnecessary under applicable law is of no value in defeating a motion for summary judgment. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine.'" *Id.* at 248. A fact is "material" if it "might affect the outcome of the lawsuit under the governing law." *O'Donnell v. City of Cleveland*, 838 F.3d 718, 725 (6th Cir. 2016) (citing *Anderson*, 477 U.S. at 248). A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018). Under Rule 56, "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A).

In this case, the plaintiff does not take issue with the defendant's and the Magistrate Judge's characterization of the dispositive issue as whether Pennymac knew or should have known as of December 2018 that the plaintiff's quest to rebuild her home was not "economically feasible." She does not object to the Magistrate Judge's conclusion, as a legal matter, regarding the appropriate definition of "economically feasible."

Instead, she engages in a wholesale objection to *every fact* set forth in Pennymac's SMF, irrespective of whether the fact is actually disputed. This tactic—equivalent to the proverbial "crying wolf"—did the plaintiff no favors. Although she has, indeed, inundated the court with filings, her response documents do not actually articulate what parts of the defendant's factual statements she believes are untrue or disputed, and her citations to the record do not *show* that they are untrue or disputed. Nor, as relevant here, does her Objection state with specificity what factual findings the Magistrate Judge reached to which she objects and that are *material to the "economically feasible" issue*.

The plaintiff's Fifth Objection, like the others, will be overruled, as it fails to establish the existence of a material factual dispute or that the R&R erred in concluding that the plaintiff failed to show that genuine issues of material fact exist on her breach of contract claim that would warrant permitting that claim to proceed to trial.

## IV. CONCLUSION

For the reasons set forth herein, the objections set forth in the plaintiff's Objection (Doc. No. 216) will be overruled. The court will accept and adopt in its entirety the thoughtful and thorough R&R (Doc. No. 213), and defendant Pennymac's Motion for Summary Judgment (Doc. No. 165) will be granted. This case will be dismissed with prejudice.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge